﻿Citation Nr: 19159004
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 17 06-715
DATE: July 30, 2019

ORDER

Entitlement to a total disability rating based upon individual unemployability is granted.

FINDING OF FACT

The evidence of record shows that the Veteran’s service connected disabilities preclude him from following a substantially gainful occupation. 

CONCLUSION OF LAW

The criteria for entitlement to a total disability rating based upon individual unemployability (TDIU), have been met. 38 U.S.C. § 5107; 38 C.F.R. §§ 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The appellant is a Veteran who served on active duty from December 1985 to March 1988. This matter is before the Board of Veterans’ Appeals (Board) on appeal from a March 2014 rating decision of the Sioux Falls, South Dakota, Department of Veterans Affairs (VA) Regional Office (RO).

In June 2019 a Video Conference Board hearing was held before the undersigned. A transcript of the hearing is associated with the Veteran’s claims file. 

Entitlement to a total disability rating based upon individual unemployability 

The Veteran asserts he is unable to work as a result of his service connected disabilities. 

A total disability rating may be assigned, where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as the result of service-connected disabilities. See 38 U.S.C.§ 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16. Consideration may be given to a Veteran’s level of education, special training, and previous work experience in arriving at a conclusion, but not to his age or the impairment caused by any nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19.

To qualify for a total rating for compensation purposes, the evidence must show (1) a single disability rated as 100 percent disabling; or (2) that the Veteran is unable to secure or follow a substantially gainful occupation as a result of his service-connected disabilities and there is either one disability ratable at 60 percent or more, or, if more than one disability, at least one disability is ratable at 40 percent or more and the multiple service connected disabilities combine to a disability rating of 70 percent or greater. Id. 

For the above purpose of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as one disability: (1) disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric, (4) multiple injuries incurred in action, or (5) multiple disabilities incurred as a prisoner of war. 38 C.F.R. § 4.16.

Although the Veteran may be unemployed, the dispositive issue is whether he is capable of performing the physical and mental acts required by employment, not whether he can find employment. Van Hoose v. Brown, 4 Vet. App. 361 (1993). 

For a Veteran to prevail on a claim for a TDIU rating, the sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is a recognition that the impairment makes it difficult to obtain and keep employment. The question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether the Veteran can find employment. See 38 C.F.R. 4.16(a). Van Hoose v. Brown, 4 Vet. App. 361 (1993).

In determining whether an appellant is entitled to a total disability rating based upon individual unemployability, neither the appellant’s nonservice-connected disabilities nor advancing age may be considered. 

The Veteran is service connection for bilateral pes planus with a 50 percent evaluation from May 1, 1997, low back strain with a 40 percent evaluation from May 30, 1997, planus contracture right ankle with a 10 percent evaluation from December 9, 2003, and a planus contracture of the left ankle with a 10 percent evaluation from December 9, 2003. The Veteran has a combined rating of 80 percent from December 9, 2003. 

The Veteran meets the percentage threshold requirements provided in 38 C.F.R. § 4.16(a) for consideration of entitlement to a TDIU based on his service-connected disabilities.

A review of the record shows that the Veteran requested vocational rehabilitation assistance. In a June 2014 narrative report, S.C., a rehabilitation counselor, reviewed the Veteran’s disabilities. The Veteran has flat feet, lumbosacral strain, and limitation of motion of the ankle—all limit his ability to perform activities that require prolonged standing, walking, climbing stairs, crouching, running, jumping, bearing weight, and related activities. As it pertains to his chronic back pain it was noted the Veteran experienced symptoms of fatigue, loss of memory or concentration, and extreme exhaustion. He reported being unable to stay in one position for more than 30 minutes at a time and requires the ability to be flexible. He also suffers from the non-service connected disabilities of limitation of flexion of the knee, insomnia, gastroesophageal reflux disease, hyperlipidemia, sinusitis, panic disorder, anxiety and allergies. The counselor concluded the Veteran’s disabilities combine to create substantial physically limiting impairment and conditions. The Veteran was deemed to have a serious employment handicap. To conclude, it was determined that it was not feasible that the Veteran participate in a program of rehabilitation. 

In a July 2014, statement from Dr. S.K. of Miles Square Health Center, Dr. K. noted the Veteran had not seen any improvement with physical therapy or rehabilitation, and his prognosis for improvement was poor. 

On his application for TDIU, he indicated he was last able to secure full time employment in January 2013. He last worked on a part-time basis, 25 hours per week, in building services for the period January 2013 through June 2015. He reported his service connected disabilities prevent him from securing or following any substantially gainful occupation. 

The record reflects that the Veteran was awarded SSA disability benefits in October 2015, for the primary disorder of muscle ligament and fascia, and a secondary disorder of disorders of the back, with a disability date of May 21, 2015. 

At the Board hearing the Veteran testified he worked as a laborer, and a police officer, until his most recent job where he worked at the University of Illinois part-time in housekeeping. 

At a March 2014 ankle examination, the examiner concluded his ankle condition had no impact on his ability to work. The Veteran had a foot examination in May 2015. The Veteran reported bilateral foot pain, particularly at the bottom of the feet when performing tasks that involve prolonged weight bearing, such as prolonged standing or walking. The examiner indicated that based on examination his foot disabilities do not impact his ability to perform any type of occupational task. 

At a May 2015 back examination, the Veteran reported he last worked at the University of Illinois Medical Center in housekeeping from 2013 through January 2015. He described difficulty tolerating work, and difficulty with prolonged standing and prolonged walking. He reported being enrolled in an online college program, working towards a degree in psychology. He reported difficulty sitting. The examiner concluded that the Veteran’s diagnosis does not significantly impact his ability to perform any type of occupational task. 

The Veteran consistently reported that his service connected disabilities have impacted his ability to secure employment. Though the VA examiners concluded there was no impact of his service connected disabilities on his employment, there are records from his private doctor, SSA, and Vocational Rehabilitation, each concluding the Veteran is unemployable. Given the Veteran’s work history, and his competent and consistent testimony as to his difficulties with sedentary and physical work, the realistic chance of his obtaining and maintaining substantial gainful employment is low. 

(Continued on the next page)

 

The Board concludes the criteria for an award of TDIU benefits are met.

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD E. Skiouris, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.